[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 03, 2001
THOMAS K. KAHN
CLERK

_____

No. 00-13957
Non-Argument Calendar
_____

D.C. Docket No. 99-06234-CR-DTKH


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELRINTUS CROMARTIE,

Defendant-Appellant.


_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(October 3, 2001)**

Before CARNES, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Delrintus Cromartie appeals his 262-month sentence for conspiracy to

possess with intent to distribute controlled substances, in violation of 21 U.S.C.

§ 846. He was also convicted of carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).[1] Cromartie argues that, pursuant to Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), the district court lacked jurisdiction to sentence him on the drug charge under 21 U.S.C. § 841(b)(1)(A) because the grand jury failed to set forth the drug type and drug quantity in the indictment, and that his sentence under § 841(b)(1)(A) therefore violated his Fifth Amendment rights.

Because Cromartie did not raise his constitutional challenge based on Apprendi at sentencing, we review his sentence for plain error.[2] See United States v. Candelario, 240 F.3d 1300, 1308-09 (11th Cir.), cert. denied, 121 S. Ct. 2535 (2001). We will find plain error only where (1) there is an error; (2) the error is plain or obvious; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness,

---

[1]  In addition to the 262-month sentence he received on the drug conspiracy charge, Cromartie received a concurrent sentence of 120 months for possession of a firearm by a convicted felon, and a consecutive sentence of 60 months for carrying a firearm during a drug-trafficking offense.

[2]  Although Cromartie urges that the indictment's failure to include the drug type and drug quantity requires that his enhanced sentence on the drug charge be vacated per se, and that no showing of prejudice is required, we note that this Court has already rejected Cromartie's position that an error under Apprendi requires per se reversal. See United States v. Nealy, 232 F.3d 825, 829 (11th Cir. 2000) (holding that "Apprendi did not recognize or create a structural error that would require per se reversal").

integrity, or public reputation of a judicial proceeding.  See United States v. Chisholm, 73 F.3d 304, 307 (11th Cir. 1996).

Upon thorough review of the record, as well as careful consideration of the parties' briefs, we find no plain error and affirm.

The facts relevant to Cromartie's sentencing challenge may be stated briefly. A jury convicted Cromartie of conspiracy to possess with intent to distribute controlled substances (Count II), carrying a firearm during a drug-trafficking offense on or about April 27, 1997 (Count IV), and possession of a firearm by a convicted felon on or about April 27, 1997 (Count V).  Cromartie's indictment did not allege the drug type or quantity involved in the offenses, and the district court did not instruct the jury that it had to make findings regarding the type or quantity of drugs involved in the case.

At trial, the only evidence of the quantity of drugs involved during the April 27, 1997 incident concerned Cromartie's attempt to pick up a 581-kilogram shipment of cocaine in Port Everglades, Florida.  The trial testimony established that, on April 25, 1997, agents of the Drug Enforcement Administration ("DEA") seized 581 kilograms of cocaine from inside a metal shipping container in Jacksonville, Florida.  The DEA removed most of the cocaine from the container, but placed tracking devices in the container and allowed it to continue its planned

shipment to Port Everglades. On April 27, 1997, Cromartie picked up the container from Port Everglades.

The presentence investigation report ("PSI") stated that Cromartie was responsible for over 150 kilograms of cocaine and 37,000 pounds of marijuana based on his ongoing involvement in the conspiracy from 1995 until 1997. In addition to the 581 kilograms of cocaine from the April 27, 1997 incident, the PSI identified drug loads in June 1994 (250 kilograms of cocaine), in February/March 1996 (172 kilograms of cocaine), on May 15, 1995 (6,000 pounds of marijuana), and on April 6, 1996 (31,000 pounds of marijuana). The PSI found that, pursuant to 21 U.S.C. § 841(b)(1)(A), Cromartie was subject to a minimum term of ten years in prison and a maximum term of life in prison for conspiracy to possess controlled substances.

The district court adopted the PSI's sentencing calculations and sentenced Cromartie to 322 months in prison and 5 years of supervised release. The term consisted of concurrent sentences of 262 months for conspiracy to possess with intent to distribute controlled substances and 120 months for possession of a firearm by a convicted felon, plus a consecutive sentence of 60 months for carrying a firearm during a drug-trafficking offense. The court also imposed a 5-year term of supervised release on the conspiracy count and 3-year terms of supervised

4

release on the other counts, all to run concurrently. Notably, when imposing the sentence, the district court specifically stated that it relied solely on the 581 kilograms of cocaine involved in the April 27, 1997 incident at Port Everglades to determine the quantity of drugs used to calculate Cromartie's sentence.

On appeal, Cromartie argues that, pursuant to Apprendi, the district court lacked jurisdiction to sentence him under § 841(b)(1)(A) because the grand jury failed to set forth the critical elements of drug type and drug quantity in the indictment, instead merely charging Cromartie with conspiracy to possess with intent to distribute "controlled substances" in violation of § 841(a)(1). Cromartie urges that because the indictment failed to specify the amount and type of drug, the district court could sentence him only for the lesser-included offense of conspiracy to possess with intent to distribute an unspecified amount of marijuana, pursuant to 21 U.S.C. § 841(b)(1)(D).

Section 841(b)(1)(A) provides for a sentence between ten years and life in prison if the offense involved five or more kilograms of cocaine. See 21 U.S.C. § 841(b)(1)(A). Section 841(b)(1)(C) provides for a maximum sentence of 20 years in prison for an offense that involved an unspecified amount of cocaine. See 21 U.S.C. § 841(b)(1)(C). Section 841(b)(1)(D) provides for a maximum sentence of

five years in prison for an offense that involved an unspecified amount of marijuana. See 21 U.S.C. § 841(b)(1)(D).

Other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt.  See Apprendi, 530 U.S. at 490, 120 S. Ct. at 2362-63.  Nevertheless, an error under Apprendi does not affect a defendant's substantial rights if no reasonable jury could have convicted the defendant of the substantive offense without concluding that the defendant was responsible for a drug amount sufficient to justify the enhanced sentence.  See United States v. Swatzie, 228 F.3d 1278, 1282-83 (11th Cir. 2000), cert. denied, 121 S. Ct. 2600 (2001).  Simply put, even when drug type and quantity are not alleged in the indictment or proven to a jury, the defendant's substantial rights are not affected if no rational jury would convict without concluding that he was also responsible for a drug amount sufficient to justify the enhanced sentence. See id.

In Swatzie, the indictment charged the defendant with possession with intent to distribute cocaine base and cocaine hydrochloride. See id. at 1280.  On appeal, Swatzie argued that the district court improperly imposed a life sentence under § 841(b)(1)(B) for a crack cocaine offense because drug quantity was not alleged in the indictment and the jury's verdict was ambiguous as to the type of drug for

6

which he was held responsible.  See id. at 1280-81.  Despite the indictment's shortcomings and the fact that the jury made no finding on drug type or drug quantity, we found that the defendant's substantial rights were not affected because "no evidentiary basis existed" for a reasonable jury to have convicted the defendant of the substantive offense without also concluding that he was responsible for an amount of crack sufficient to justify the enhanced sentence.  Accordingly, we concluded that the defendant had failed to establish plain error and affirmed his sentence.  See id. at 1283-1284.

Here, any error, plain or otherwise, cannot be said to have affected Cromartie's substantial rights.  The only evidence at trial concerning drugs on April 27, 1997, involved Cromartie's attempt to pick up a shipment of 581 kilograms of cocaine. Indeed, Cromartie concedes that he presented no evidence at trial disputing the type or quantity of the drugs involved in the April 27, 1997, shipment.  Because the jury convicted Cromartie of possession of a gun during the commission of a drug trafficking offense on April 27, 1997, the jury necessarily had to find him responsible on the conspiracy charge for the 581 kilograms of cocaine that he attempted to retrieve on that date.  No rational jury would have convicted Cromartie on Counts II and IV of the indictment without finding him responsible for 581 kilograms of cocaine, an amount sufficient to justify the

7

enhanced sentence imposed under § 841(b)(1)(A).[3] Accordingly, Cromartie's

substantial rights were not affected, see Swatzie, 228 F.3d at 1282-83, and we find

no plain error.

Finally, and to avoid any possible confusion, we are unpersuaded by

Cromartie's argument that the district court lacked jurisdiction to sentence him

under § 841(b)(1)(A) based on the grand jury's failure to allege drug type and

quantity in the indictment. Recently, in McCoy v. United States, __ F.3d __, 2001

WL 1131653 (11th Cir. Sept. 25, 2001), we expressly rejected the idea that an

Apprendi-based challenge is jurisdictional in nature. See id. at *2-*6. As we made

plain: "An Apprendi-based challenge to a § 846 or § 841 indictment for failure to

allege a specific drug quantity is not of a jurisdictional dimension but, at most, one

of sufficient specificity of the indictment." Id. at *4. In McCoy, we further

observed that an Apprendi-based challenge was analogous to the omission of an

element in a jury instruction, an error which the Supreme Court subjected to

---

[3]  United States v. Nguyen, 255 F.3d 1335 (11th Cir. 2001), which Cromartie cites as a supplemental authority for his contention that an Apprendi error is per se reversible, is plainly distinguishable. In that case, the defendants were sentenced above the 20-year statutory maximum enumerated in 18 U.S.C. § 1963 of the Racketeer Influenced and Corrupt Organizations Act. In reversing the sentences and remanding to the district court for resentencing within the statutory maximum (after a de novo review), we noted that "[t]he jury failed to find that any of the defendants had committed a predicate act that had a potential penalty of life imprisonment. Therefore, the maximum penalty any of the defendants could have received on each RICO count was twenty years." Id. at 1343 (footnote omitted). Here, by contrast, the record leaves no doubt that the jury, by finding Cromartie guilty of possession of a gun during the commission of a drug trafficking offense, necessarily also found him guilty on the conspiracy charge.

8

harmless error analysis in <u>Neder v. United States</u>, 527 U.S. 1,15, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999) ("the omission of an element [in a jury instruction] is an error that is subject to harmless-error analysis").  See <u>McCoy</u>, at *3-*4 (citing <u>United States v. Nance</u>, 236 F.3d 820, 825 (7th Cir. 2000)).[4]

Our holding in <u>McCoy</u> followed our consistent, if implicit, treatment of <u>Apprendi</u>-based challenges as <u>non</u>-jurisdictional. <u>See</u>, <u>e.g.</u>, <u>United States v. Pease</u>, 240 F.3d 938, 943-44 (11th Cir. 2001) (<u>per</u> <u>curiam</u>) (finding error under <u>Apprendi</u> in a 30-year sentence where indictment did not allege drug quantity but, finding no effect on defendant's substantial rights); <u>see also United States v.</u>

---

[4]     In <u>Nance</u>, the Seventh Circuit noted that in a § 841 case involving an <u>Apprendi</u> challenge, indictment and jury instruction errors were "analogous to the instructional errors the Court considered in <u>Neder</u>" and were therefore subject to plain error review:

> The list in <u>Neder</u> of errors not subject to harmless error analysis is a short one, as the Court itself emphasized. <u>See</u> 527 U.S. at 8, 119 S.Ct. 1827 (mentioning complete denial of counsel, biased trial judge, racial discrimination in grand jury selection, denial of self-representation at trial, denial of public trial, and defective reasonable doubt instruction as examples of structural errors).  The Court there rejected the contention that a jury instruction error that omits an element of the offense falls within that narrow class; it held instead that this was in the broader group of trial errors that may be subjected to harmless error review. In our view, the errors about which Wendell is complaining are analogous to the instructional error the Court considered in <u>Neder</u>. . . . Whether or not we are applying the stringent plain error screen, the <u>Apprendi</u> error therefore requires us to ask whether it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." <u>Id.</u> at 18, 119 S.Ct. 1827.

236 F.3d at 825-26.

<u>Swatzie</u>, 228 F.3d 1278, 1282-84 (11th Cir. 2000) (observing that even if there was error, <u>and</u> the error was plain, where defendant's life sentence of imprisonment was based on an indictment that failed to allege drug quantity, error did not affect substantial rights).

As we observed in <u>McCoy,</u> if <u>Apprendi</u> claims <u>were</u> jurisdictional, we could not affirm despite the error since jurisdictional errors cannot constitute plain or harmless error. <u>See</u> <u>McCoy</u> at *2. Indeed, we have consistently applied plain error and harmless error review to <u>Apprendi</u> claims that an indictment failed to include a specific drug quantity. <u>See</u>, <u>e.g.</u>, <u>Pease</u>, 240 F.3d at 943-44 (11th Cir. 2001); <u>United States v. Shepard</u>, 235 F.3d 1295, 1297 (11th Cir. 2000); <u>United States v. Gerrow</u>, 232 F.3d 831, 834 (11th Cir. 2000); <u>Swatzie</u>, 228 F.3d at 1282-84.

Pursuant to our holding in <u>McCoy</u> - - which we think is correct and which in any event we are bound to follow - - we find that Cromartie's <u>Apprendi</u> challenge to his indictment is not included on the list of possible <u>Neder</u> challenges, and simply is not analogous to those errors which the Supreme Court <u>did</u> enunciate in <u>Neder</u>. Accordingly, his alleged error, not jurisdictional in nature, is subject to plain error review. Having concluded that no rational jury would have convicted Cromartie on Counts II and IV of the indictment without finding him responsible for 581 kilograms of cocaine - - an amount sufficient to justify the enhanced

10

sentence imposed under § 841(b)(1)(A) - - we can find no such plain error and accordingly affirm Cromartie's sentence.

**AFFIRMED.**