**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

DENNIS HAMILTON,
        *Defendant-Appellant.*

No. 00-4676

---

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

MICKEY BAILEY, a/k/a Mitchell
Hayward Bailey,
        *Defendant-Appellant.*

No. 01-4619

---

Appeals from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-00-45)

Submitted: June 10, 2002

Decided: June 25, 2002

Before WILKINS, KING, and GREGORY, Circuit Judges.

---

No. 00-4676 affirmed and No. 01-4619 affirmed in part, vacated in
part, and remanded by unpublished per curiam opinion.

---

**COUNSEL**

D. Rodney Kight, Jr., KIGHT LAW OFFICE, Asheville, North Carolina; Robert E. Hensley, Jr., Asheville, North Carolina, for Appellants. Robert J. Conrad, Jr., United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Dennis Hamilton (No. 00-4676) and Mickey Bailey (No. 01-4619), co-conspirators, appeal their convictions and sentences on one count of conspiracy to possess with intent to distribute methamphetamine (Hamilton), and conspiracy to possess with intent to distribute marijuana (Bailey), in violation of 21 U.S.C.A. § 846 (West 1999). Following a jury trial, the district court sentenced Hamilton to 120 months imprisonment. Bailey was sentenced on a guilty plea to 97 months imprisonment. Hamilton also was sentenced to five years, and Bailey to three years, of supervised release, and both were assessed mandatory special assessments. Both timely appealed.

On appeal, Hamilton claims that he was denied a fair trial by allegedly prejudicial comments made by the government during closing argument. Specifically he claims error in the prosecutor's reference to his name appearing in a notebook of drug contacts used by another conspirator, after the notebook's owner was unable to locate Hamilton's name in the notebook during his trial testimony. We have held prosecutorial misconduct to be reversible where the prosecutor's remarks were in fact improper, and where such improper comments prejudicially affected the defendant's substantial rights such that he is deprived of a fair trial. *United States v. Mitchell*, 1 F.3d 235, 240

(4th Cir. 1993). Our review here is for plain error because Hamilton failed to object below. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993); *United States v. Hastings*, 134 F.3d 235, 239 (4th Cir. 1998).

The witness testified at trial that he "probably" had written Hamilton's name in the notebook, but that he was unable to "see it right offhand." In closing argument, Hamilton's attorney initiated the discussion of the notebook, and then the prosecutor referenced the notebook where the witness kept notes of his drug transactions, stating that it reflected two dates after which Hamilton's name appeared.

We find that the prosecutor's remarks were neither improper nor did they impugn the integrity of Hamilton's conviction. The notebook was a trial exhibit, thereby providing evidentiary support for the prosecution's statements. Moreover, the contested remarks were made by the prosecutor during rebuttal and in response to Hamilton's counsel's closing remarks where he initiated discussion of the notebook and the witness's failure to locate Hamilton's name in it. Finally, even assuming, *arguendo*, the statement was improper, we find that the statements did not prejudicially affect Hamilton's substantial rights such that he was deprived of a fair trial, given the other evidence against him, which included the testimony of five witnesses who testified they saw Hamilton sell drugs. Accordingly, we affirm Hamilton's conviction and sentence.

Bailey's sole claim on appeal is that his ninety-seven month sentence on a single count of conspiring to distribute marijuana violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the indictment charged him with an unspecified amount of marijuana. The United States filed a separate information pursuant to 21 U.S.C.A. § 841(b) (West 1999 & Supp. 2002), alleging more than 1000 kilograms of marijuana. Bailey pled guilty to the charge without a written plea agreement, specifically reserving the right to contest the drug amount. At his sentencing hearing, Bailey lodged a timely objection pursuant to *Apprendi*.

The district judge found by a preponderance of evidence, consistent with the statements in the presentence investigation report, that the amount of marijuana involved in the conspiracy to which Bailey pled

guilty was 1216 kilograms, and sentenced Bailey to ninety-seven months. The United States has confessed error by the district court relative to Bailey's sentence because his prison sentence exceeds the statutory maximum sentence of sixty months under 21 U.S.C.A. § 841(b)(1)(D) (West Supp. 2002). *See, e.g.*, *United States v. Cromartie*, 267 F.3d 1293, 1296 (11th Cir. 2001).

We affirm Bailey's conviction. However, because it is clear that Bailey's sentence violates *Apprendi*, we vacate his sentence and remand the case for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 00-4676 - *AFFIRMED*

No. 01-4619 - *AFFIRMED IN PART,*
*VACATED IN PART, AND REMANDED*