[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 02-16501

_____

D. C. Docket No. 00-00928-CR-ASG

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 29, 2005
THOMAS K. KAHN
CLERK**

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

MARK CARRIE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 29, 2005)**

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before BLACK and MARCUS, Circuit Judges, and SMITH[*], District Judge.

---

[*] Honorable Fern M. Smith, United States District Judge for the Northern District of
California, sitting by designation.

PER CURIAM:

This case is before the Court for consideration in light of United States v. Booker, 543 U.S. __, 125 S. Ct. 738, __ L. Ed. 2d __ (2005). We previously affirmed Appellant's 168-month sentence and convictions for three counts of being a felon in possession of firearms and/or ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Counts I-III); conspiring to make false statements to a firearms dealer, in violation of 18 U.S.C. § 371 (Count IV); and making false statements to a firearms dealer, in violation of 18 U.S.C. § 924(a)(1)(A) (Count V). See United States v. Carrie, Case No. 02-16501, 107 Fed. Appx. 892 (11th Cir. 2004) (Table) (unpublished) ("Carrie I"). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of Booker. We asked for, and have received, supplemental briefs from the parties on the effect of Booker on this case.[1]

In his initial brief, Carrie argued, inter alia, that the district court erred at sentencing by enhancing his offense level by two levels for possession of a semiautomatic firearm by a defendant who has been convicted of at least two prior felonies involving either a crime of violence or controlled substances, U.S.S.G. § 2K2.1(a). More specifically, Carrie argued that the government was required to prove

---

[1] We GRANT Carrie's motion for leave to file his supplemental brief out of time.

2

to a jury the type (semiautomatic) of weapon he had possessed, within the meaning of § 2K2.1(a), citing Apprendi v. New Jersey, 530 U.S. 466 (2000). In Carrie I, in a footnote, we found no clear error in the district court's factual findings at sentencing and no error in the court's interpretation of the Guidelines.

On reconsideration, we first note that Carrie is entitled to preserved error review because he objected to the sentencing enhancement, based on the semi-automatic weapon, at sentencing. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). As we have explained, there are two types of Booker error: (1) a Sixth Amendment error -- that is, imposing a sentencing enhancement based on judicial findings that go beyond the facts admitted by the defendant or found by the jury; and (2) a statutory, or non-constitutional error -- that is, being sentenced under a mandatory sentencing guidelines scheme that is mandatory. See United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005); see also United States v. Mathenia, 2005 WL 1201455, *2 (11th Cir. May 23, 2005). In the instant case, we evaluate the latter type of error, which is subject to a less demanding harmless-error standard than that for constitutional errors. Mathenia, 2005 WL 1201455 at *2.[2] A "non-

---

[2] We can find no impermissible judicial factfinding, given the jury's verdict on Count 5, which charged a substantive straw purchase on October 28, 1996, and the overt acts listed in Count 4 (the conspiracy count), which included purchasing a Polytechnologies rifle, Model AK-47, a weapon enumerated as a semi-automatic weapon in the statutory definition contained in 18 U.S.C. § 921(a)(30), also on October 28, 1996. The jury's verdict finding Carrie guilty of the straw purchase on that date necessarily included a finding that the offense included the AK-47 semi-

constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." Id. (internal quotations and citation omitted). "The burden is on the government to show that the error did not affect the defendant's substantial rights." United States v. Gallegos-Aguero, --- F.3d ---, 2005 WL 1160635, at *2 (11th Cir. May 18, 2005).

After thorough review of all relevant parts of the record, including the sentencing transcript and the presentence investigation report, and careful consideration of the parties' briefs, we conclude that the district court's imposition of sentence, based on a mandatory application of the Guidelines, constituted harmless error. At numerous times during the sentencing hearing, the district court indicated that the Guidelines sentence was appropriate, given Carrie's offenses and criminal history. For example, in rejecting Carrie's request for a downward department, the court considered "the seriousness of the defendant's criminal history [and] the likelihood that the defendant will commit further crimes," and noted that

---

automatic assault rifle. Cf. United States v. Cromartie, 267 F.3d 1293, 1296 (11th Cir. 2001) (finding no plain error based on Apprendi where no rational juror could have convicted defendant without concluding he was responsible for a drug amount sufficient to support enhanced sentence); United States v. Nealy, 232 F.3d 825, 830 (11th Cir. 2000) (holding that in the context of an Apprendi challenge based on drug quantity, "[w]e must affirm [the] sentence if the record does not contain evidence that could rationally lead to a contrary finding with respect to drug quantity").

Carrie's criminal history was "long and serious." Moreover, the district court said that "even at the bottom" of the Guidelines range, the resulting sentence was "sufficiently punitive to deter against future criminal activity without including these other matters." On this record, it is clear that any <u>Booker</u> error resulting from the district court's application of the Guidelines in a mandatory fashion was harmless as the error did not affect the sentence, or had but a slight effect. Accordingly, we reinstate our previous opinion and affirm, once again, Carrie's convictions and sentence.

**OPINION REINSTATED; AFFIRMED.**