[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15572
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2009
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 08-00034-CV-BAE-6, 05-00010-CR-BAE

VANDARREL LEON DOE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 18, 2009)

Before BIRCH, HULL and FAY, Circuit Judges.

PER CURIAM:

Vandarrel Leon Doe pro se appeals the denial of his motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Doe argues that his counsel was ineffective for misadvising him that, if he accepted the government's proffered plea agreement, he would face 360 months' to life imprisonment, when he actually would have faced only 151 to 188 months' imprisonment. For the reasons set forth below, we vacate and remand.

**I.**

In his motion, Doe argued that his counsel was ineffective for misadvising him on the term of imprisonment that he would face if he accepted the government's proffered plea agreement. Doe asserted that his counsel advised that his guideline imprisonment range if he accepted the agreement in question would be 360 months' to life imprisonment. Not wishing to serve such a sentence, he elected to go to trial. He was found guilty and sentenced to life imprisonment. He later discovered that his guideline range if he had accepted the agreement would have been 151 to 188 months' imprisonment. Absent his counsel's erroneous advice, he would have plead guilty rather than proceed to trial. The government responded that Doe's counsel correctly advised that his guideline imprisonment range if he had accepted the agreement would have been 360 months' to life imprisonment. The government submitted a copy of the agreement.

The record demonstrates that, on July 14, 2005, a federal grand jury returned an indictment charging Doe with (1) conspiring to manufacture and distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("Count 1"); and (2) manufacturing 50 grams or more of crack cocaine, in violation of § 841(a)(1) ("Count 4"). The agreement submitted by the government with its response demonstrates that, on January 13, 2006, the government proffered an agreement that stated that Doe would plead guilty to Count 4, which carried a statutory maximum of life imprisonment, and the government would dismiss Count 1 and not object to a 3-level reduction for acceptance of responsibility. The record demonstrates that, after Doe rejected the agreement, on February 1, 2006, the government filed a 21 U.S.C. § 851 notice of intent to seek an enhanced penalty based on his prior convictions, specifying that it intended to rely on six previous cocaine convictions of Doe's to increase his statutory penalty to life imprisonment. The jury found Doe guilty of both counts, and the district court sentenced Doe to life imprisonment as to both counts pursuant to the § 851 notice.

Based on this record evidence and the agreement submitted by the government, a magistrate judge recommended denying the § 2255 motion, reasoning that Doe's counsel correctly advised that his guideline imprisonment range if he had accepted the agreement would have been 360 months' to life

3

imprisonment. The magistrate noted that it appeared that, had Doe accepted the agreement, the government would not have filed a § 851 notice and sought an enhanced penalty. Doe objected to the magistrate's report and recommendation, arguing that the magistrate failed to review the terms of the agreement and that the agreement required him to plead guilty to a lesser included offense of Count 4 that carried a statutory maximum term of 20 years' imprisonment. Doe submitted a copy of the agreement to which he referred. This agreement demonstrated that, on January 25, 2006, the government proffered an agreement that stated that Doe would plead guilty to "manufacturing a quantity of cocaine," an offense that carried a statutory maximum term of 20 years' imprisonment, and the government would dismiss the remaining counts and not object to a 3-level reduction for acceptance of responsibility. The date on this agreement was a week later than that on the previous agreement submitted by the government, and both agreements bore the same Indictment Number of CR605-10. The district court adopted the magistrate's report and recommendation without mentioning the discrepancy in the agreements.

Upon Doe's motion for a certificate of appealability ("COA"), the district court granted a COA on his proposed question of "[w]hether counsel was ineffective when he specifically told [Doe] that his sentencing exposure would be 30 years, when [Doe's] sentencing exposure would have been a more lenient 12

4

[to] 15 years." The district court reasoned:

> Doe's argument has legs, as the plea agreement (which evidently was not in the record for the [magistrate] to review, [since] Doe just filed it) shows that the [government] agreed to 'not more than 20 years imprisonment' [and] Doe's attorney, says the [report and recommendation] 'informed Doe that he faced thirty years to life imprisonment if he accepted the plea offer.' And Doe is affirmatively contending that he would have accepted the deal. One thus would suppose this claim to have merit.

## II.

An ineffective-assistance-of-counsel claim is a mixed question of law and fact; we review the district court's findings of fact for clear error and decision on the ultimate issue de novo. Conklin v. Schofield, 366 F.3d 1191, 1201 (11th Cir. 2004). The right to counsel is the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 685-86, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). The benchmark for judging a claim of ineffective assistance of counsel is whether counsel's performance so undermined the proper functioning of the adversarial process that the proceedings cannot be relied on as having produced a just result. Id. at 686, 104 S.Ct. at 2064. To make such a showing, a prisoner must prove that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant. Id. at 687, 104 S.Ct. at 2064. To satisfy the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

5

proceeding would have been different." Id. at 694, 104 S.Ct. at 2068. Specifically regarding ineffective-assistance claims relating to a plea agreement, the defendant must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). A reasonable probability is one sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.

### III.

The district court failed to address the January 25, 2006, agreement, but merely adopted the magistrate's report and recommendation, which relied on the agreement previously submitted by the government. The government concedes on appeal that the agreement it submitted was an earlier draft that was superseded by the agreement submitted by Doe. The district court's mere adoption, then, was error, as the January 25, 2006, agreement contains different terms than the January 13, 2006 agreement.

Indeed, based on our review of the January 25, 2006, agreement, it appears that Doe's guideline imprisonment range, if he had accepted the agreement, as he claims he would have, would have been 151 to 188 months. Specifically, the January 25, 2006, agreement states that Doe would have pled guilty to a crime that

6

carried a statutory maximum of 20 years' imprisonment. Although the plea agreement does not specify as much, it appears that this crime is codified under 21 U.S.C. § 841(b)(1)(C), which provides a 20-year maximum term of imprisonment for crack cocaine offenses for which no drug amount is specified. See United States v. Cromartie, 267 F.3d 1293, 1296 (11th Cir. 2001) ("Section 841(b)(1)(C) provides for a maximum sentence of 20 years in prison for an offense that involved an unspecified amount of cocaine"). The career offender provision, U.S.S.G. § 4B1.1, instructs that a defendant who qualifies as a career offender and whose offense carries a statutory maximum of 20 years' imprisonment has a base offense level of 32. U.S.S.G. § 4B1.1(b)(C). Pursuant to U.S.S.G. § 3E1.1, a defendant who accepts responsibility by, for instance, pleading guilty, and timely notifies the government of his intent to plead guilty, merits a three-level reduction. A defendant with the resulting total offense level of 29 and criminal history category of VI has a guideline imprisonment range of 151 to 188 months. See U.S.S.G. Ch. 5, Pt. A, sentencing table. Thus, it seems that Doe's counsel's advice that his guideline imprisonment range if he accepted the agreement would be 360 months to life imprisonment was deficient. See Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.[1] Moreover, although the magistrate assumed that the government would not

_____

[1] It is notable that, while the January 25, 2006, plea agreement apparently refers to the portion of the statute covering crimes for which no crack cocaine amount is specified,

have filed a § 851 notice if he had accepted the agreement, nothing in the record supports this assumption. Were the government to have filed a § 851 notice even though Doe accepted the agreement, and assuming that the January 25, 2006, plea agreement referred to § 841(b)(1)(C), he would have faced an enhanced penalty of only 30 years' imprisonment, pursuant to § 841(b)(1)(C), rather than life imprisonment. See 21 U.S.C. § 841(b)(1)(C) (providing for enhancement to maximum of 30 years' imprisonment based on a prior conviction for a felony drug offense). Thus, it seems that, in any event, Doe's sentence would have been different absent his counsel's advice. See Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. Doe has contended that his attorney's advice regarding his sentence prompted him to proceed to trial rather than plead guilty.

Because the district court failed to address the January 25, 2006, agreement, it has not considered these matters in the first instance. Accordingly, we vacate and remand for the district court to consider the effect of the January 25, 2006, plea agreement draft on the ineffective-assistance-of-counsel analysis, in the first instance.

**VACATED AND REMANDED.**

---

§ 841(b)(1)(C), it simultaneously specified an amount of crack cocaine for which he would be held responsible.