[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12173
Non-Argument Calendar
_____

D.C. Docket No. 0:99-cr-06234-DTKH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELRINTUS CROMARTIE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 19, 2016)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Delrintus Cromartie appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) motion to reduce his total sentence based on Amendment 782 to the Sentencing Guidelines. Mr. Cromartie contends that the district court erred in making a "supplemental finding" that he was responsible for 581 kilograms of cocaine at his original sentencing.

In support of his contention, Mr. Cromartie asserts three arguments on appeal. He first argues that the district court erred by violating the law of the case as established in *United States v. Cromartie*, 267 F.3d 1293 (11th Cir. 2001), in which we held that the jury at trial—rather than the judge at sentencing—should have made the finding concerning the amount of cocaine that he was responsible for. Mr. Cromartie asserts that the law of the case acts as a constraint on the district court, or any other court, from making any kind of factual finding concerning the quantity of cocaine he was responsible for beyond the lowest possible amount needed to uphold his original sentence on his first appeal. Second, Mr. Cromartie argues that the district court erred in denying his motion because it considered acquitted conduct when ruling that he was ineligible for a sentence reduction. Finally, he argues that the district court erred because its supplemental findings were not, in any event, supported by the weight of the evidence presented at trial.

2

Upon review of the record and consideration of the parties' briefs, we affirm the district court's decision to deny Mr. Cromartie's motion for reduction of sentence.

## I

In 1999, a federal grand jury charged Mr. Cromartie with conspiracy to import a controlled substance (Count One), conspiracy to possess a controlled substance (Count Two), importation of cocaine (Count Three), carrying a firearm during a drug trafficking crime (Count Four), and possessing a firearm as a felon (Count 5). Mr. Cromartie elected to exercise his right to a jury trial where he was subsequently convicted on Counts Two, Four, and Five.

Prior to Mr. Cromartie's sentencing the probation officer prepared a presentence investigation report (PSI). The probation officer found that, in addition to 581 kilograms of cocaine (evidence of which was introduced at trial), Mr. Cromartie was also responsible for 26,000 pounds of marijuana and an additional 250 kilograms of cocaine. Mr. Cromartie objected to the additional amounts of marijuana and cocaine being attributed to him. Noting the objection, the district court specifically stated that it would only be sentencing Mr. Cromartie based upon the 581 kilograms of cocaine introduced at trial, and nothing else. Mr. Cromartie

did not raise any further objection and accepted the district court's decision to use the 581 kilograms of cocaine as the relevant amount.

Under the Sentencing Guidelines at the time, a finding of responsibility for 150 kilograms of cocaine or more resulted in an offense level of 38, the highest possible offense level. As a result of the 581 kilograms of cocaine, therefore, Mr. Cromartie received a base level offense of 38. The guideline range for this offense was between 262 months and 327 months of imprisonment. With no objection to the use of the 581 kilograms of cocaine, Mr. Cromartie was sentenced at the low end of his guidelines range and received a sentence of 262 months' imprisonment for the conspiracy to possess offense. He received a 120–month sentence, to run concurrent with his 262–month sentence, for his possession of a firearm during a drug trafficking crime. He also received a consecutive sentence of 60 months, to follow the completion of the total 262–month sentence, for being a felon in possession of a firearm. Mr. Cromartie's total sentence was 322 months' imprisonment.

Shortly before Mr. Cromartie's sentencing, the United States Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466 (1996), which required that jurors (and not a court) make any findings of fact that would increase a defendant's penalty at trial. Mr. Cromartie failed to object under *Apprendi* at his sentencing hearing, but did attempt to appeal the sentence on those same grounds. Due to his

failure to raise the *Apprenidi* objection during his sentencing hearing, we applied plain error review and affirmed the sentence. *See Cromartie*, 267 F.3d at 1298.

Amendment 782, which was enacted after Mr. Cromartie's direct appeal, had the effect of altering the drug quantity table at U.S.S.G. § 2D1.1(c). Amendment 782 increased the amount of cocaine that qualifies for a base level offense of 38 from 150 kilograms to 450 kilograms. The Sentencing Commission made Amendment 782 retroactive through Amendment 788 as of November 1, 2014.

After Amendment 782 became retroactive, Mr. Cromartie moved under § 3582(c)(2) for his sentence to be reduced. He argued that the district court had only held him responsible for 150 kilograms at his original sentencing, and that it was therefore barred from making a more specific determination as to the exact quantity he was responsible for. Therefore, he asserted that he was entitled to have his base offense level reduced to 36 (and as a result to be eligible for a reduction in his sentence).

The government initially agreed that Mr. Cromartie qualified for a reduction in his base level offense from 38 to 36. At a later hearing, however, the government retracted its support and opposed Mr. Cromartie's motion. The district court reviewed the record from the original sentencing hearing and found that it had held Mr. Cromartie responsible for 581 kilograms of cocaine. As a result, the

5

total amount of cocaine that he was responsible for was still greater than 450 kilograms, and he was not eligible for a sentence reduction under Amendment 782.

## II

A district court is permitted to modify the term of imprisonment of a prisoner based on a sentencing range that has subsequently been lowered (and made retroactive) by the Sentencing Commission, "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  A reduction is not consistent with the policy statements of the Sentencing Commission if the relevant amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B), p.s. We review the district court's decision as to whether to reduce a sentence pursuant to § 3582(c)(2) for an abuse of discretion. *United States v. Smith*, 568 F.3d 923, 926 (11th Cir. 2009).

## A

Mr. Cromartie first argues that the district court erred when it made a supplemental finding that he was specifically responsible for 581 kilograms of cocaine. Mr. Cromartie asserts that this "supplemental finding" disregarded the constitutional holding of *Cromartie*, 267 F.3d at 1297, which constituted the law of the case and restricted the district court's fact-finding ability in any future proceedings. Mr. Cromartie is incorrect in his assertion.

6

"[T]he law-of-the-case doctrine bars relitigation of issues that a court necessarily or by implication decided against the litigant in an earlier appeal." *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014). Mr. Cromartie insists that he received a favorable outcome in *Cromartie I*, and that we held that he should not have been punished beyond the maximum sentence for conspiracy to distribute an unspecified amount of marijuana.

In *Cromartie I*, Mr. Cromartie challenged his initial sentence of 322 months under what was a newly decided case at the time, *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Supreme Court held that an additional finding of fact that increases a defendant's sentence is a determination that should be made by the fact-finder at trial and not by the court at sentencing. *Id*. at 490. As discussed above, there was no finding by a jury as to the exact quantity of drugs that Mr. Cromartie was in possession of, and the district court relied upon the unopposed amount of 581 kilograms of cocaine introduced at trial and set forth in the PSI. At his sentencing Mr. Cromartie failed to object to the district court using this amount as violative of *Apprendi*. As a consequence of his failure to object when the issue was reviewed by this court, we reviewed the sentence only for plain error. *Cromartie I*, 267 F.3d at 1294. After reviewing for plain error we concluded that Mr. Cromartie's substantial rights had not been affected by any error, plain or otherwise, and affirmed his total sentence of 262 months on the drug conspiracy

7

charges. *Id*. at 1296.  In support of that conclusion we noted that the only evidence introduced at trial concerning any drugs was the 581 kilograms of cocaine that Mr. Cromartie was found responsible for based on the April 27, 1997, delivery date. *Id*. The holding of *Cromartie I* was that Mr. Cromartie's sentence of 262 months did not violate the Constitution and that, consequently, the level 38 designation that resulted in that sentence was also valid. That holding did not prohibit the district court from making any further fact-finding that may have become necessary to determine Mr. Cromartie's § 3582(c)(2) motion.

Mr. Cromartie's case is similar to *United States v. Green*, 764 F.3d 1352 (11th Cir. 2014). In that case the district court found at sentencing that Mr. Green was responsible for approximately 35 kilograms of crack cocaine. *Id*. at 1354. The 35 grams of crack cocaine Mr. Green was found responsible for was well in excess of the 1.5 kilograms of crack cocaine that was required at the time to obtain the base level offense of 38 that he received. *Id*.  The district court never specifically found him responsible for 1.5 kilograms, but the record at sentencing was very clear that the district court's sentencing decision was based on Mr. Green being in possession of that amount. *Id*. The district court made no further finding beyond the generic holding that he was responsible for at least 1.5 kilograms of crack cocaine. *Id*. Like Mr. Cromartie, Mr. Green appealed his sentence under *Apprendi*, and we found no error plain or otherwise, and affirmed. *Id*.

When there was a retroactive guideline reduction, Mr. Green, just like Mr. Cromartie, applied to have his sentenced reduced under § 3582(c)(2). *Id*. at 1355. Mr. Green made the same argument that Mr. Cromartie has made here: that the district court only found him responsible for the lowest possible amount of drugs that comported with his original offense level, and because the guidelines had now changed and raised the threshold amount of drugs necessary for him to receive a level 38, he was now entitled to have his sentence reduced. Mr. Green asserted that our previous holding in his case forever barred the district court from doing any further fact-finding concerning the actual quantity of drugs he was responsible for. *Id*. Mr. Green, like Mr. Cromartie here, argued that he was entitled to a reduced sentence because the district court was not permitted to find that he was responsible for any more drugs than the bare minimum that allowed his original sentence to be upheld in his first appeal. *Id*. at 1356. Like Mr. Green, Mr. Cromartie is mistaken.

In *Green* we acknowledged that, under *Apprendi*, the jury and not the court should have made the determination of the quantity of drugs before sentencing, but that we were still bound by the district court's findings because a § 3582(c)(2) motion is not a vehicle to revisit findings made at the initial sentencing. *Id*. at 1355. (citing *United States. v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000)). We

held that, because it does not run the risk of increasing a sentence, a motion to reduce sentence does not implicate *Apprendi*. *Id*. at 1356.

We affirmed the district court's decision that it could not reduce Mr. Green's sentence; the district court could look to the record to determine a specific quantity of drugs beyond the "at least" amount it initially found at sentencing, and therefore find that he did not qualify for the reduction. *Id*. The district court in *Green* correctly followed the instructions we provided the district court in *United States v. Hamilton*, 715 F.3d 328, 340 (11th Cir 2013). There, we instructed the district court to determine whether it had made any findings either explicitly or implicitly beyond the "at least quantity" amount. *Id*. We told the district court that, if there was no finding more specific than the "at least" language "it will need to go further, it will need to examine the entire record before it at the time of the original sentencing to see if can make any further findings that will resolve the issue." *Id*.

We applied this analysis to Mr. Green's case and determined, based upon the record, that even though the district court did not state a specific quantity of crack cocaine above 1.5 kilograms at the original sentencing, there was ample evidence in the record for the court to find that it had held Mr. Green responsible for an amount that well exceeded the new guideline threshold. *Green*, 764 F.3d at 1357.

The methodology we provided in *Hamilton*, and which we applied in *Green*, is applicable here. The question is whether there was sufficient evidence on the

10

record that the district court found Mr. Cromartie responsible for an amount of cocaine in excess of the new 450 kilogram threshold at his original sentencing. We answer that question in the affirmative.

At sentencing Mr. Cromartie made a single objection to the PSI that was prepared by the probation office. He objected to being held responsible for the additional drugs that were not part of his trial and were part of the bigger overall drug-smuggling conspiracy. The objection was resolved with Mr. Cromartie not objecting to the district court finding him responsible for the 581 kilograms associated with the April 27, 1997, delivery, and disregarding any other quantity of drugs because the 581 kilogram number was so high that it alone already put his offense level at 38. The district court expressly stated: "I agree with the probation officer, I think it is an academic exercise because if the cocaine [associated with the April 27, 1997 shipment]…that is 581 kilograms, if that is considered, that alone in a sense goes right to the top of the chart, and anything else just doesn't count. That is my suggestion, and I would be happy to indicate for the record I am not going to consider anything other than that." After the court clarified that it was only going to consider the 581 kilograms of cocaine and nothing else, Mr. Cromartie did not assert any further objections.

The district court, at Mr. Cromartie's initial sentencing, clearly articulated a specific quantity of drugs. It clearly stated that it was only considering the 581

kilograms of cocaine and no other evidence of drugs. The "new supplemental finding" by the district court in the case before us today is not inconsistent with its original finding. The 581 kilograms of cocaine is inclusive of the "at least" 150 kilograms of cocaine that *Cromartie I* used to affirm his sentence. Under *Green* and *Hamilton*, the district court did not violate the law of the case when it denied Mr. Cromartie's motion to reduce the sentence.

**B**

In his attempt to distinguish his facts from *Green*, Mr. Cromartie asserts that the district court erred because it held him responsible for conduct that he was acquitted of. Mr. Cromartie also reasserts the *Apprendi* argument that was discussed above at length. We are not persuaded.

The crux of the argument is that Mr. Cromartie was acquitted on two of the five charges against him and his assertion that the district court improperly relied on the acquitted conduct at his original sentencing and now in its subsequent denial of his motion to reduce his sentence. But Mr. Cromartie does not point to any specific place in the record where the district court relied on acquitted conduct. Instead, Mr. Cromartie relies on a strained reading and interpretation of the district court's original sentencing decision. This interpretation of the record would also have required the district court (and us now) to ignore *Cromartie I*, where we held that no rational jury could have convicted Mr. Comrartie of the three counts

12

without finding him responsible for the 581 kilograms of cocaine. *See Cromartie I*, 267 F.3d at 1296. Simply put, Mr. Cromartie has put forth no evidence, beyond his conclusory assertion, that the district court punished him for conduct he had been acquitted of.  Mr. Cromartie's case is just not distinguishable from *Green*.

## C

Mr. Cromartie also argues that the district court's "supplemental finding" that he was responsible for 581 kilograms of cocaine was not supported by the preponderance of the reliable evidence at trial. Mr. Cromartie does not make this argument in connection with the denial of his motion for a reduction of sentence. Mr. Cromartie instead attacks the finding of 581 kilograms of cocaine he failed to object to at his initial sentencing. Mr. Cromartie's request that the decision be vacated on these grounds is functionally a request for relitigation from his initial sentence, which is not an available remedy in these proceedings. *See Bravo*, 203 F.3d at 781.

## III

We affirm the district court's denial of Mr. Cromartie's § 3582(c) motion.

**AFFIRMED.**