[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11717
Non-Argument Calendar

_____

D.C. Docket No. 2:93-cr-00152-LSC-SGC-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES BRADLEY, JR.,
a.k.a. Junior,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 17, 2015)

Before HULL, MARCUS, and JORDAN, Circuit Judges.

PER CURIAM:

James Bradley, Jr. appeals the district court's denial of his motion to reduce

his sentence, under 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the

Sentencing Guidelines.   Mr. Bradley argues that the district court erred by

attributing 80 kilograms of powder cocaine to him when ruling on the § 3582(c)(2) motion because the court had attributed only 60 kilograms of powder cocaine to him during the sentencing proceeding. For the reasons which follow, we affirm.

## I

In February of 1994, Mr. Bradley was convicted on several drug charges. The Presentence Investigation Report ("PSI") stated that Mr. Bradley's offenses involved between 150 and 500 kilograms of powder cocaine and at least five kilograms of crack cocaine. The PSI calculated a base offense level of 40, and with several enhancements, the total offense level reached 47. Based on this total offense level and a criminal history category of I, the PSI recommended a guideline sentence of life imprisonment.

At sentencing, Mr. Bailey argued that his offense included three kilograms of crack cocaine, not five, but the evidence presented did not convince the district court. The district court recounted testimony that referred to a codefendant, Weatherly Stutson, having "five in the rock and five in the powder," and that Gail Thomas, a customer, received 20 kilograms of powder cocaine from Beverly Stutson and Mr. Bradley and "rocked up five kilos of that." Thus, the district court concluded that five kilograms was the amount of crack cocaine attributable to Mr. Bradley.

The district court then stated that there was evidence that there were "sixty kilograms of powder cocaine which can be directly tied to Mr. Bradley," and suggested that this number "greatly understates the actual amount which could be attributed to Mr. Bradley." The district court attributed to Mr. Bradley the 20 kilograms of powder cocaine that was given to Ms. Thomas by Mrs. Stutson. The court stated that, although Mr. Bradley did not "actively participate by handling the cocaine . . . he certainly knew what [Mrs. Stutson] was doing and he assisted." The court then followed by saying, "I'm not sure we should discount the twenty," and asked Mr. Bradley if it would be correct in assuming that he would prefer a finding of 80 kilograms of powder cocaine as opposed to 25 kilograms of crack cocaine. Mr. Bradley answered in the affirmative.

Ultimately, the district court imposed a sentence of life imprisonment. The court's written statement of reasons read as follows: "The court adopts the factual findings and guideline application in the presentence report except that the court finds that this defendant is accountable for sixty [kilograms] of powder cocaine and at least five [kilograms] of cocaine base."

In August of 2014, Mr. Bradley filed a pro se § 3582(c)(2) motion requesting that the district court reduce his sentence to 262 months based on Amendment 782. The U.S. Probation Office reviewed Mr. Bradley's eligibility for a sentence reduction under Amendment 782 and produced a Retroactive 2-Level

3

Drug Guideline Reduction Worksheet ("Worksheet 1").  Worksheet 1 stated that the original base offense level was based on 80 kilograms of powder cocaine and five kilograms of crack cocaine. It converted these amounts to the marijuana equivalents under Amendment 782 and found that Mr. Bradley's amended guidelines range was still life imprisonment.  Thus, Mr. Bradley was not eligible for a sentence reduction under § 3582(c)(2).

The Probation Office created a second Retroactive 2-Level Drug Guideline Reduction Worksheet ("Worksheet 2") only a few days after preparing Worksheet 1.  In contrast to Worksheet 1, Worksheet 2 calculated Mr. Bradley's offense level using 60 kilograms of powder cocaine and five kilograms of crack cocaine.  Based on these quantities, Mr. Bradley's amended base offense level under Amendment 782 was 34 and his total offense level was 41.  This total offense level, coupled with a criminal history category of I, resulted in an amended guidelines range of 324 to 405 months' imprisonment.  Therefore, Mr. Bradley, under Worksheet 2, was eligible for a reduction.

In March of 2015, Mr. Bradley, with the assistance of counsel, filed another § 3582(c)(2) motion. He argued that the Probation Office's determination in Worksheet 1 that he was responsible for 80 kilograms of powder cocaine was incorrect because the district court had made a written finding in the statement of

4

reasons that he was accountable for only 60 kilograms. Thus, the calculations in Worksheet 2, which resulted in a lower guideline range, were correct.

The government responded that Mr. Bradley was not eligible for a sentence reduction because Worksheet 1 determined that, even in light of Amendment 782, the amended guideline range was still life imprisonment. The government argued that the district court's oral findings at sentencing controlled over the written statement of reasons.

The district court denied Mr. Bradley's § 3582 motion stating: "The defendant is ineligible for a reduction under Amendment 782. Although his total offense level is reduced under Amendment 782 from 47 to 43, his guideline range remains Life." In addition, the district court also indicated that it had considered the factors set forth in § 3553(a). *See* D.E. 1305 (file under seal). Mr. Bradley now appeals.

**II**

Given the statements made by the district court in concluding that Mr. Bradley's § 3582 motion should be denied, it can be reasonably inferred that the district court agreed with and applied Worksheet 1, which attributed 80 kilograms of cocaine powder to Mr. Bradley. The issue is whether the district court should have used the 80-kilogram figure in Worksheet 1 or the 60-kilogram figure in

5

Worksheet 2 when determining Mr. Bradley's eligibility for a sentence reduction under Amendment 782.

Mr. Bradley argues that the district court abused its discretion by using the greater amount of 80 kilograms because the original sentencing transcript does not contain a clear statement of the district court's findings as to the quantity of powder cocaine attributable to him. The statement of reasons, he maintains, clearly attributes 60 kilograms of powder cocaine to him. Mr. Bradley asserts that, under these circumstances, the written statement of reasons should control and the district court should have calculated his eligibility for a sentencing reduction using the lesser amount of 60 kilograms.

## A

We review a district court's conclusions about the scope of its legal authority under § 3582(c)(2) *de novo*. *See United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013). We review findings of fact during § 3582(c)(2) proceedings for clear error. *See United States v. Green*, 764 F.3d 1352, 1355 (11th Cir. 2014).

Under § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an incarcerated defendant if he was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. *See United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). In considering a

motion for such a reduction, the district court must engage in a two-part analysis. *Id.*

First, the court must recalculate the sentence under the amended guidelines by "first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then use that new base level to determine what ultimate sentence it would have imposed." *Id.* In undertaking this first step, only the amended guideline is changed. *See United States. v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998). All other guideline application decisions made during the original sentencing remain intact. *See id.* (citing U.S.S.G. § 1B1. 10(b), comment n. 2). If a retroactively applicable guideline amendment reduces the defendant's base offense level, but does not reduce his guidelines range, the district court is not authorized to reduce the defendant's sentence under § 3582(c)(2). *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (quoting *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008)). *See also* 18 U.S.C. § 1B1.10 (explaining that a reduction in the defendant's term of imprisonment is not authorized under § 3582(c)(2) if the amendment does not have the effect of lowering the defendant's applicable guideline range).

Second, if the guidelines range is reduced, the next step is for the court to decide whether, in its discretion, it will elect to impose a reduced sentence under the amended range or to retain the original sentence. *See Bravo*, 203 F.3d at 781.

7

This decision should be made in light of the factors listed in 18 U.S.C. § 3553(a). *Id.* These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

**B**

Amendment 782 provides a two-level reduction in the base offense levels for most drug quantities listed in the Drug Quantity Table from U.S.S.G. § 2D1.1(c). *See* U.S.S.G. App. C. Amend. 782. Amendment 782 provides that a defendant will have a base offense level of 36 if he is accountable for more than 30,000 kilograms but less than 90,000 kilograms of marijuana, and a base offense level of 34 if he is accountable for more than 10,000 kilograms but less than 30,000 kilograms of marijuana. In Worksheet 1, under the marijuana-equivalency formula, Mr. Bradley was held accountable for 33,885 kilograms of marijuana. In Worksheet 2, Mr. Bradley was held accountable for 29,855 kilograms of marijuana.

8

The issue is whether Mr. Bradley is responsible for 60 or 80 kilograms of powder cocaine. Where there is a discrepancy between the orally imposed sentence and a written order of judgment, the oral sentence controls. *See United States v. Khoury*, 901 F.2d 975, 977 (11th Cir. 1990). Although this case involves a statement of reasons rather than a formal judgment, we see no basis for applying a different rule give that the statement of reasons is meant to serve a record-keeping function. *See United States v. Pillault*, 783 F.3d 282, 292 and n.2 (5th Cir. 2015); *United States v. Denny*, 653 F.3d 415, 422-23 (6th Cir. 2011).

If the oral sentence is ambiguous, then the district court's intention controls to resolve the ambiguity. *See id.* In an attempt to discern the intent of the district court at the time it imposed a sentence, a reviewing court may consider extrinsic evidence. *See id.*

We recognize that the district court's oral findings were not as clear as they could have been, and that there is a potential discrepancy between the oral findings and the written statement of reasons. Nonetheless, the oral findings and sentence control, and we conclude that the district court's intent was to attribute 80 kilograms of powder cocaine to Mr. Bradley.

As we read the record, the district court found that Mr. Bradley was responsible for 80 kilograms. First, the court stated that there was no doubt Mr. Bradley was accountable for 60 kilograms due to his own conduct, and that an

9

additional 20 kilograms could be attributable to him due to his participation in the deal between Ms. Thomas and Mrs. Stutson.  The court was not, by its own words, inclined to believe that the 20 additional kilograms should be discounted from Mr. Bradley's relevant conduct.  Second, the district court asked Mr. Bradley if he preferred a finding of 80 kilograms of powder cocaine to a finding of 25 kilograms of crack cocaine. Third, the written statement of reasons was itself not clear, as the district court adopted the PSI's findings, and those findings that Mr. Bradley was responsible for 150 to 500 kilograms of powder cocaine.

## III

Because the district court found at sentencing that Mr. Bradley was responsible for 80 kilograms of powder cocaine, Amendment 782 did not lower his guideline range. Therefore, we affirm the district court's denial of Mr. Bradley's § 3582(c)(2) motion.

**AFFIRMED.**