[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 21, 2010
JOHN LEY
CLERK

_____

No. 09-15179
Non-Argument Calendar

_____

D. C. Docket No. 96-00074-CR-3-RV/MD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRELL GREEN,
a.k.a. Dred,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 21, 2010)

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Darrell Green, a federal prisoner convicted of crack cocaine offenses,

appeals pro se the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. After review, we affirm.[1]

Under § 3582(c)(2), a district court has the authority to modify a defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1)-(2). Green's § 3582(c)(2) motion is based on Amendment 706 to U.S.S.G. § 2D1.1, which lowered the base offense levels applicable to most crack cocaine offenses. See U.S.S.G. app. C, amends. 706, 713.

Here, the district court correctly concluded that it lacked authority to reduce Green's sentence. At Green's original sentencing, the district court held Green responsible for more than 1.5 kilograms of cocaine base, which set his base offense level at 38, pursuant to U.S.S.G. § 2D1.1(c)(1) (1998). However, after offense level adjustments for his leadership role and obstruction of justice, Green's total offense level was 46.[2] Because the highest offense level in the Sentencing Table is

---

[1]We review de novo the district court's legal conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c)(2). United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

[2]Although Green qualified as a career offender, the district court did not use his career offender offense level of 37 to calculate the guidelines range because it was lower than level 46. See U.S.S.G. § 4B1.1 (providing that the career offender offense level applies only if it is greater than the otherwise applicable offense level).

43, the guidelines instruct that any offense level above 43 is treated as an offense level 43. See U.S.S.G. Sentencing Table, ch. 5, pt. A, cmt. n.2. With a criminal history category of VI and total offense level of 43, Green's guidelines range was life imprisonment. See U.S.S.G. Sentencing Table, ch. 5, pt. A.

After Amendment 706, Green's applicable offense level was lowered by two to 36. See U.S.S.G. § 2D1.1(c) (2009). Leaving all of Green's other guidelines calculations intact, his total offense level was lowered to 44, which is treated as level 43, and yields the same guidelines range of life imprisonment. Because Green's amended guidelines range would be the same as his original guidelines range, the district court correctly concluded that it had no authority under § 3582(c)(2) to reduce Green's sentence. See U.S.S.G. § 1B1.10(a)(2)(B) (providing that a § 3582(c)(2) reduction is not authorized if an amendment does not lower the applicable guidelines range); see also United States v. Webb, 565 F.3d 789, 793 (11th Cir. 2009).

**AFFIRMED.**