[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12952

_____

D.C. Docket No. 3:96-cr-00074-RV-MD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRELL GREEN,
a.k.a. Dred,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 4, 2014)

Before PRYOR, Circuit Judge, WOOD,* Chief District Judge, and
EDENFIELD,** District Judge.

PRYOR, Circuit Judge:

    This appeal requires us to decide whether, on a motion for a reduced
_____

* Honorable Lisa Godbey Wood, Chief United States District Judge for the Southern District of
Georgia, sitting by designation.
** Honorable B. Avant Edenfield, United States District Judge for the Southern District of
Georgia, sitting by designation.

sentence, 18 U.S.C. § 3582(c)(2), a district court may clarify the quantity of drugs for which it held a defendant accountable at an earlier sentencing hearing. A jury convicted Darrell Green of one count of conspiracy to possess with the intent to distribute cocaine base and two counts of possession with the intent to distribute cocaine base. The district court found at sentencing that Green was responsible for "certainly well in excess of 10 kilograms" and "far above" 1.5 kilograms of cocaine base, which was the minimum amount required for a base-offense level of 38. After Green's second motion for a reduced sentence based on an amendment to the United States Sentencing Guidelines, the district court clarified that it actually held Green responsible for 32.1 kilograms of cocaine base. That amount, even after the amendments, resulted in a base-offense level of 38. Green argues that we cannot defer to the findings of fact by the district court because they violated the Sixth Amendment, U.S. Const. Amend. VI, and conflict with an earlier finding of drug quantity by our Court. We disagree and affirm the denial of Green's motion for a reduced sentence.

## I.    BACKGROUND

A jury convicted Darrell Green and two codefendants for engaging in a drug conspiracy and for possession with the intent to distribute cocaine base. 21 U.S.C. §§ 841(a), (b)(1)(A)(iii), 846. On direct appeal, we vacated their convictions because the district court abused its discretion with respect to two evidentiary

2

rulings, which together amounted to cumulative error that was not harmless. *See*

*United States v. Marshall*, 173 F.3d 1312, 1318 (11th Cir. 1999). Two years later,

the United States filed a superseding indictment that included the same charges

from the first trial, but expanded the time period that the defendants allegedly

conspired. The indictment did not specify drug quantity. In the second trial, a jury

convicted Green on one count of conspiracy to possess and two counts of

possession.

At sentencing, Green objected to the drug quantity that the presentence

investigation report alleged he possessed. The district court overruled Green's

objections and adopted the findings of the report, but at sentencing clarified its

finding concerning drug quantity:

> . . . I have gone through my trial notes, and with the probation
> officer's assistance we've calculated *approximately 35 kilograms of
> crack cocaine identified either directly as drugs or through proceeds*
> in the testimony of the witnesses [at] trial.
>
> . . . *[E]ven discounting that . . . by a factor of two, that's still 17, 18
> kilograms. So, even if you discounted by much more than that, it's still
> well in excess of 1.5 kilograms.*
>
> *The evidence in this trial showed a lot more drug involvement and a
> lot more drugs than the previous trial, and in Mr. Green's previous
> sentencing I held him accountable for approximately two-and-a-half
> kilograms.*
>
> . . .
> So, even if I discount all of that and disregard some of the
> questionable quantities, for example the five ounces that . . . Mr.

3

Black pointed out, *it's still certainly well in excess of 10 kilograms and far above the 1.5 kilograms*, which is the maximum for a level 38. (Emphasis added.) The district court then calculated a base-offense level of 38 and a total-offense level of 46. Based on this total-offense level and Green's criminal history, category IV, the district court imposed sentences of life imprisonment for the conspiracy count and one of the possession counts and a sentence of 480 months of imprisonment on the other possession count, all to be served concurrently.

Green appealed his judgment of conviction and sentences. He contended that the district court violated the Sixth Amendment as interpreted in *Apprendi v. New Jersey*, which the Supreme Court decided after his sentencing but before his direct appeal. 530 U.S. 466, 120 S. Ct. 2348 (2000). Green argued that when the judge, instead of a jury, found the drug quantity, that finding violated his right to a jury trial. We agreed that the district court committed plain error, but we concluded that the error did not "affect[] [Green's] substantial rights."

Green then moved for a reduced sentence after an amendment to the Guidelines lowered the base-offense level from 38 to 36 for offenses involving at least 1.5 kilograms but less than 4.5 kilograms of cocaine base. 18 U.S.C. § 3582(c)(2); United States Sentencing Guidelines Manual § 2D1.1(c) (Nov. 2011); *id.* App. C (Vol. III), Amend. 706. The district court denied Green's

4

motion, summarily concluding that "Amendment 706 has no effect upon the Defendant's Sentencing Guideline Range."

Green appealed to our Court. *United States v. Green*, 375 F. App'x 944, 945 (11th Cir. 2010). We affirmed the denial of his motion because the effect of the "amended guidelines range would be the same as his original guidelines range." *Id.* We assumed, for the sake of argument, that Green had calculated his guideline range correctly: "After Amendment 706, Green's applicable offense level was lowered by two to 36 . . . [and] his total offense level was lowered to 44." *Id.* But even that guideline range did not qualify Green for a reduced sentence.

Undeterred, Green filed a second motion for a reduced sentence, 18 U.S.C. § 3582(c)(2), after another amendment to the Guidelines further lowered the base-offense levels for most crack cocaine offenses, U.S.S.G. § 2D1.1(c); *id.* App. C (Vol. III), Amend. 750; *see id.* App. C (Vol. III), Amend. 759 (making amendment 750 retroactive). That amendment adjusted the Guidelines so that a defendant who possessed 8.4 kilograms or more of cocaine base would receive a base-offense level of 38, a defendant who possessed between 2.8 and 8.4 kilograms would receive a base-offense level of 36, and a defendant who possessed 1.5 to 2.8 kilograms would receive a base-offense level of 34. *Id.* App. C (Vol. III), Amend. 750; *see also id.* App. C (Vol. III), Amend. 748.

5

The district court again denied Green's motion because he was ineligible for a reduction under the amended Guidelines. The district court ruled that the amendment "d[id] not result in change to guideline range and the previous sentence imposed." The district court explained that his original sentencing order did not state a specific finding concerning drug quantity because "[m]ore than 1.5kg of cocaine base' was all [it] had to determine in 2000 for a base offense level of 38, which it clearly was, but the actual quantity was much more." And the district court then clarified that Green "was actually held accountable at sentencing for approximately 32.1kg of cocaine base, well over the amount setting a base offense level of 38."

## II.    STANDARDS OF REVIEW

We review *de novo* the scope of the legal authority of the district court to reduce a sentence, 18 U.S.C. § 3582. *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). We review for an abuse of discretion the decision to reduce a sentence based on an amendment of the Guidelines. *United States v. Douglas*, 576 F.3d 1216, 1218 n.1 (11th Cir. 2009). We review *de novo* the application of the law-of-the-case doctrine. *United States v. Bobo*, 419 F.3d 1264, 1267 (11th Cir. 2005). And we review findings of fact for clear error. *United States v. Crawford*, 407 F.3d 1174, 1177 (11th Cir. 2005).

6

## III.    DISCUSSION

A district court may modify a term of imprisonment if an amendment to the Guidelines lowers the guideline range that governed the sentence, so long as the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statement that accompanies Amendment 750 states that "[a] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). We do not engage in a *de novo* resentencing to determine whether the amendment "ha[s] the effect of lowering the defendant's applicable guideline range." *Id.*; *see United States v. Bravo*, 203 F.3d 778, 780–81 (11th Cir. 2000). Instead, "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *Id.* at 781. "And [the] defendant, as the § 3582(c)(2) movant, bears the burden of establishing that a retroactive amendment has actually lowered his guidelines range in his case." *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

To establish that Amendment 750 lowered his guideline range, Green had to prove that the district court held him accountable for less than 2.8 kilograms of cocaine base, but the district court held at sentencing that Green's offense involved

a drug quantity "certainly well in excess of 10 kilograms and far above . . . 1.5 kilograms." The district court later clarified that it held him accountable for approximately 32.1 kilograms.

Green argues that we cannot defer to those findings of fact for two reasons. First, Green argues that we cannot defer to the initial findings of fact or the recent clarification by the district court concerning drug quantity because those findings violate the Sixth Amendment. Second, Green argues that our statement in an earlier appeal that his base-offense level had been lowered from 38 to 36 barred the district court from making a contrary finding based on the law-of-the-case doctrine. We address each argument in turn.

### A.  We Can Defer to the Findings of Fact by the District Court.

Green contends that we cannot defer to the findings of fact by the district court at his original sentencing hearing or the later clarification on his motion for a reduced sentence because those findings violated the Sixth Amendment, but we disagree. To be sure, we acknowledged that a jury, not the district court, should have found the drug quantity before the district court sentenced Green. *See Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2363. But we must defer to those findings, lest the district court resentence him *de novo*, which is not an available remedy on a motion for a reduced sentence. *See, e.g.*, *Bravo*, 203 F.3d at 781.

8

Green also argues that the clarification by the district court that it held Green accountable for 32.1 kilograms of cocaine base violated the Sixth Amendment as interpreted in *Apprendi*. But that finding, in the context of a motion for a reduced sentence, does not implicate *Apprendi* because the finding cannot increase Green's sentence. In fact, we have expressly required district courts to make that kind of finding when considering the effect of an amendment to the Guidelines on a motion for a reduced sentence. *See Hamilton*, 715 F.3d at 340. In *Hamilton*, we remanded for the district court "to examine the entire record before it at the time of the original sentencing to see if it can make any further findings that will resolve the issue of whether 8.4 kilograms or more of crack cocaine should be attributed to" the defendant. *Id.* We instructed that "the district court should determine what drug quantity findings it made, either explicitly or implicitly, at [the defendant]'s original sentencing hearing," but should "not enter any new finding that is inconsistent with a finding it made in the original sentence proceeding." *Id*. We then instructed that, "[o]nce [the district court] makes a drug quantity finding that is not inconsistent with any finding it made in the original sentence proceeding, the district court can then use that finding to calculate a new guidelines range based on Amendment 750." *Id.*; *see also, e.g.*, *United States v. Wyche*, 741 F.3d 1284, 1293 (D.C. Cir. 2014) ("Given the obvious need for additional fact-finding in cases like these, we join a number of our sister circuits in concluding that a resentencing

9

court is permitted to make an independent drug quantity finding if it cannot determine the defendant's amended guideline range without doing so."); *United States v. Anderson*, 707 F.3d 973, 974–75 (8th Cir. 2013) (same); *United States v. Hall*, 600 F.3d 872, 876 (7th Cir. 2010) (same); *United States v. Moore*, 582 F.3d 641, 646 (6th Cir. 2009) (same).

When it considered Green's motion, the district court acted exactly as we instructed the district court to act in *Hamilton*. The district court clarified that it held Green accountable at sentencing for 32.1 kilograms of cocaine base. After amendment 750, that amount results in a base-offense level of 38—the same base-offense level that the district court imposed at sentencing—and carries a sentence of life imprisonment. The district court did not err when it denied Green's motion for a reduced sentence because the amendment did not change Green's guideline range.

### B.  The Law-of-the-Case Doctrine Does Not Bar the Clarification by the District Court.

Green next argues that our statement that Green's base-offense level "was lowered by two to 36," *Green*, 375 F. App'x at 945, bound the district court under the law-of-the-case doctrine, but we did not make a finding of fact in his previous appeal. "[T]he law-of-the-case doctrine bars relitigation of issues that a court necessarily or by implication decided against the litigant in an earlier appeal." *Stoufflet v. United States*, No. 13-10874, slip op. at 7–8 (11th Cir. July 8, 2014).

10

We did not decide that Green's base-offense level actually changed in his earlier appeal.

In Green's appeal of his first motion for a reduced sentence, we considered whether an earlier amendment to the Guidelines affected Green's guideline range, such that he would be eligible for a reduced sentence. That amendment had lowered the base-offense level from 38 to 36 for offenses involving more than 1.5 kilograms and less than 4.5 kilograms of cocaine base. U.S.S.G. App. C (Vol. III), Amend. 706. But that amendment did not affect Green's guideline range because, even with the reduction, the Guidelines provided a sentence of life imprisonment. *Green*, 375 F. App'x at 945. To be sure, we stated that Green's base-offense level "was lowered by two to 36," *id.*, but our statement, on appellate review, was not a finding of fact. We assumed, for the purposes of that appeal, that the amendment lowered Green's guideline range, as he argued, but we ruled that, even with the lower offense level, Green's guideline range remained unchanged. Our assumption, for the sake of considering Green's argument, that the amendment had lowered his base-offense level did not bind the district court when it considered his second motion for a reduced sentence.

## IV.    CONCLUSION

We **AFFIRM** the denial of Green's motion for a reduced sentence.

11