[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10926
Non-Argument Calendar
_____

D.C. Docket No. 4:95-cr-00123-WTM-CLR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR LEE BROWN, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(February 18, 2020)

Before WILLIAM PRYOR, BRANCH and FAY, Circuit Judges.

PER CURIAM:

Oscar Brown Jr., a federal prisoner, appeals *pro se* the denial of his fourth

motion to reduce his sentence. 18 U.S.C. § 3582(c). Brown requested a reduction

based on the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194.
We affirm.

In 1995, a jury found Brown guilty of conspiring to distribute multiple kilograms of cocaine base and cocaine hydrochloride. 21 U.S.C. § 846. Brown had a base offense level of 38, United States Sentencing Guidelines Manual § 2D1.1 (1994), based on the undisputed statement in his presentence investigation report that he was responsible for at least 1.5 kilograms of cocaine base. *See United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) ("It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes."). After Brown received increases for being an organizer or leader of the conspiracy, U.S.S.G. § 3B1.1(a), for possessing a firearm, *id.* § 2D1.1(b)(1), and for obstruction of justice, *id.* § 3C1.1, he had a total offense level of 46. Brown faced a statutory sentencing range of 20 years to life imprisonment, 21 U.S.C. §§ 841(b)(1)(A), 851, and, with a criminal history category of IV, a guideline range of life imprisonment. The district court sentenced Brown to imprisonment for life.

Brown made several attacks on his sentence. He argued on direct appeal that his sentence violated the Sixth Amendment based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which the Supreme Court decided while his appeal was pending. *United States v. Brown*, No. 95-9422, slip op. at 7–8 (11th Cir. Feb. 5, 2001). We

concluded "that the *Apprendi* . . . error did not affect any of Brown's substantial rights" when he never disputed "the quantity of crack cocaine attributable to him," and, even if he had, "the failure to submit that issue to the jury . . . would be harmless beyond a reasonable doubt" because "[n]o reasonable jury could have found Brown guilty of the conspiracy offense, as to which the evidence was overwhelming, without also attributing responsibility to him for conspiring to distribute more than 50 grams of cocaine base." *Id.* at 14–15. Later, Brown moved, without success, to vacate his conviction, 28 U.S.C. § 2255, and to reduce his sentence on three occasions, 18 U.S.C. § 3582(c).

In 2019, Brown filed this fourth motion to reduce his sentence. *Id.* Brown argued that his sentence to imprisonment for life was "valid but unfair and disparate" to the sentences imposed on his coconspirators. He also argued that he was entitled to a lesser sentence because no "specific drug amount . . . [was] charged" in his indictment and because of his post-imprisonment rehabilitation. The district court summarily denied Brown's motion on the ground he "[did] not qualify for a reduced sentence under the First Step Act because the Act does not alter his guideline range." *See* 18 U.S.C. § 3582(c)(2).

"We review *de novo* the scope of the legal authority of the district court to reduce a sentence." *United States v. Puentes*, 803 F.3d 597, 605 (11th Cir. 2015) (quoting *United States v. Green*, 764 F.3d 1352, 1355 (11th Cir. 2014)). "[T]he

3

district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *Id.* at 606. We can affirm the decision of the district court for any reason supported by the record. *United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012).

The First Step Act gives a district court discretion to reduce the sentence of a defendant convicted on or before August 3, 2010, of a drug offense for which the "statutory penalties . . . were modified by section 2 . . . of the Fair Sentencing Act of 2010." 132 Stat. 5194, § 404(a), (b). The First Step Act makes section 2 of the Fair Sentencing Act retroactive, which increases the quantity of crack cocaine necessary to impose a mandatory minimum sentence for distributing drugs, 21 U.S.C. § 841(b)(1)(A), from 50 grams to 280 grams, Pub. L. 111-220, § 8, 124 Stat. 2372 (2010). 132 Stat. 5194, § 404(b). If the defendant is eligible for relief under section 2 of the Fair Sentencing Act and is not otherwise excluded from relief for reasons specified in the First Step Act, the district court may, but is not required to, "impose a reduced sentence as if . . . the Fair Sentencing Act . . . w[as] in effect at the time the [drug] offense was committed." *Id.* § 404(b), (c).

Although Brown's motion should have been treated as seeking relief under section 3582(c)(1)(B) instead of section 3582(c)(2), the district court was not "expressly permitted by" the terms of the First Step Act to reduce his sentence. *See* 18 U.S.C. § 3582(c)(1)(B). The First Step Act allows district courts to reduce

4

sentences of defendants who distributed *less* than 280 grams of cocaine. Because Brown admitted that he was responsible for distributing 1,500 grams of cocaine, he remains subject to the same mandatory minimum sentence and a maximum sentence of life imprisonment. The First Step Act cannot serve as a basis to reduce Brown's sentence.

Reading Brown's brief liberally, he argues that the district court contravened *Apprendi*, 530 U.S. 466, when it denied his motion to reduce by attributing a drug quantity to him without the amount being charged in an indictment or proved to a jury, but we held on direct appeal that no reversible error under *Apprendi* occurred in sentencing him. *Brown*, No. 95-9422, slip op. at 14–15. That decision is the law of the case and bars Brown's challenge to the denial of his fourth motion to reduce. *See United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005).

We **AFFIRM** the denial of Brown's motion to reduce.

5