[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12690
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cr-60310-BB-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONDRE MANTACK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 20, 2021)

Before WILLIAM PRYOR, Chief Judge, MARTIN and BRANCH, Circuit Judges.

PER CURIAM:

Dondre Mantack, a federal prisoner, appeals *pro se* the denial of his motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Mantack argues that his condition of asplenia during the COVID-19 pandemic constitutes an extraordinary and compelling reason supporting compassionate release, and he argues that the district court erred by failing to conduct any research on the role of the spleen in the human immune system. The district court found that Mantack failed to offer any evidence that his asplenia placed him at a higher risk of suffering from COVID-19. Because the district court did not abuse its discretion, we affirm.

Because section 3582(c)(1)(A) uses the permissive term "may" when it grants district courts the authority to reduce a term of imprisonment for extraordinary and compelling reasons, we review a denial of a motion for compassionate release for abuse of discretion. *See, e.g.*, *United States v. Jones,* 962 F.3d 1290, 1296 (11th Cir. 2020) (reviewing for abuse of discretion the denial of a sentence reduction under section 3582(c)(1)(B) based on a retroactive statutory change); *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009) (reviewing for abuse of discretion the denial of a sentence reduction under section 3582(c)(2) based on a retroactive amendment to the Sentencing Guidelines); Antonin Scalia & Bryan Garner, *Reading Law: The Interpretation of Legal Texts* § 11, at 112 (2012) (explaining that "may" is "permissive" and grants discretion). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper

2

procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015) (quotation marks omitted).

A district court must find that a sentence reduction for extraordinary and compelling reasons is consistent with policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines lists medical conditions, including a terminal illness or any serious or physical medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he [] is not expected to recover," as examples of extraordinary and compelling reasons for a sentence reduction. U.S.S.G. § 1B1.13, comment. (n.1). The movant bears the burden of proving entitlement to relief under section 3582. *See United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

The district court did not abuse its discretion. Mantack pleaded guilty to conspiracy to commit bank fraud, 18 U.S.C. § 1349, and had served less than five months of his 30-month sentence of imprisonment when the district court denied his motion. When he moved for relief, Mantack was 28 years old. None of his medical records described a weakness in his immune system, and Mantack failed to present any medical evidence that he was immunocompromised or that he had previously suffered heightened infection or other medical problems due to his

3

asplenia. Mantack also made no argument that his asplenia is a serious medical condition that diminishes his ability to care for himself while incarcerated. The government explained that the Center for Disease Control had not identified asplenia as a risk factor for COVID-19. And Mantack misunderstands the burden of proof when he argues that the district court erred by failing to research the role of the spleen in the immune system. The district court committed no error when it ruled that Mantack had failed to prove an extraordinary and compelling reason for compassionate release.

**AFFIRMED.**