[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12635
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20701-JLK-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANJA KARIN KANNELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 22, 2021)

Before WILLIAM PRYOR, Chief Judge, MARTIN and LUCK, Circuit Judges.

PER CURIAM:

Anja Kannell, a federal prisoner, appeals *pro se* the denial of her motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Kannell argues that the district court erred in denying her motion because she alleged unusual circumstances about her health and family that warranted her release. We affirm.

Because section 3582(c)(1)(A) uses the permissive term "may" when it grants district courts the authority to reduce a term of imprisonment for extraordinary and compelling reasons, we review a denial of a motion for compassionate release for abuse of discretion. *See, e.g.*, *United States v. Jones,* 962 F.3d 1290, 1296 (11th Cir. 2020) (reviewing for abuse of discretion the denial of a sentence reduction under section 3582(c)(1)(B) based on a retroactive statutory change); *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009) (reviewing for abuse of discretion the denial of a sentence reduction under section 3582(c)(2) based on a retroactive amendment to the Sentencing Guidelines); Antonin Scalia & Bryan Garner, *Reading Law: The Interpretation of Legal Texts* § 11, at 112 (2012) (explaining that "may" is "permissive" and grants discretion). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015) (quotation marks omitted).

2

A district court must find that a sentence reduction for extraordinary and compelling reasons is consistent with policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines states that the district court must determine that the movant is not a danger to the safety of any other person or to the community, *see* 18 U.S.C. § 3142(g), before it can determine whether extraordinary and compelling reasons exist. *See* U.S.S.G. § 1B1.13; *id.*, comment (n.1). And section 1B1.13 lists the following as extraordinary and compelling reasons for compassionate release: (A) a medical condition where the prisoner is suffering from (i) a terminal illness, or (ii) deteriorating health related to aging that substantially diminishes the ability of the prisoner to provide self-care within the prison; (B) the age of the prisoner, being at least 65 years old; (C) the death or incapacitation of the caregiver of the prisoner's minor child; (D) other reasons as determined by the director of the Bureau of Prisons. *Id.* A prisoner's rehabilitation alone is not an extraordinary and compelling reason warranting a sentence reduction. *Id.* comment (n.3). The movant bears the burden of proving entitlement to relief under section 3582. *See United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

The district court did not abuse its discretion. Kannell is serving a sentence of 159 months of imprisonment following her convictions on multiple counts of mail fraud, 18 U.S.C. § 1341, wire fraud, id. § 1343, and aggravated identity theft,

id. § 1029. Kannell admitted that she was a "mostly healthy 50 year old" woman with no "health risk factors," but alleged that she was a "non-violent" and "first-time" offender missing loved ones and facing a "risk of exposure" to COVIC-19 in prison. She recounted her completion of 102 months of her sentence and her rehabilitation as factors supporting her release. Kannell failed to allege a terminal illness or health conditions that could reasonably be viewed as limiting her ability to self-care, and her family circumstances fail to satisfy the reasons listed in the Guidelines. The district court committed no error in finding that Kannell had failed to prove her eligibility for compassionate release.

**AFFIRMED.**