[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14023
Non-Argument Calendar

_____

D.C. Docket No. 8:02-cr-00228-JSM-TBM-9

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILFRIDO FLOREZ-MONTANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 23, 2021)

Before MARTIN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Wilfrido Florez-Montano appeals *pro se* the district court's denial of his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  He argues that

the district court's determination that he did not present extraordinary and compelling reasons because of his medical condition was an abuse of discretion. Specifically, he contends that his stage IV severe chronic kidney disease is a terminal illness because it is end-stage organ failure, and that he thus presented an extraordinary and compelling reason under U.S.S.G. § 1B1.13 comment. (n.1).

We review for abuse of discretion a district court's decision as to whether to reduce a sentence under 18 U.S.C. § 3582(c)(1)(A). *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making a determination, makes findings of fact that are clearly erroneous, or commits a clear error of judgment. *Id.* at 911-12. A movant seeking relief under 18 U.S.C. § 3582(c)(2) bears the burden of proving entitlement to relief. *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014). We liberally construe the pleadings of *pro se* litigants. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In 2018, Congress enacted the First Step Act, which, in part, amended 18 U.S.C. § 3582(c)(1)(A) to increase the use and transparency of compassionate release of federal prisoners. *See* First Step Act § 603. The statute provides that a court may not modify a term of imprisonment once it has been imposed except under certain circumstances and further provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted

2

all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A).  Section 3582(c)(1)(A) also requires that any reduction be consistent with applicable policy statements issued by the Sentencing Commission. *Id.*

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, which provides that the court may reduce a term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, it finds, in relevant part, that extraordinary and compelling reasons warrant the reduction.  A defendant's medical condition is a possible extraordinary and compelling reason warranting a sentence reduction.  U.S.S.G. § 1B1.13, comment. (n.1(A)).  A defendant's medical condition may warrant a sentence reduction if he is suffering from a terminal illness, i.e., a serious and advanced illness with an end-of-life trajectory, such as end-stage organ disease.  *Id.*, comment. (n.1(A(i))). A defendant's medical condition may also warrant a sentence reduction if his ability to provide self-care in prison is substantially diminished and he is not expected to recover because of: (1) a serious physical or mental condition; (2) a serious functional or cognitive impairment; or (3) deteriorating physical or mental

3

health because of the aging process. *Id.*, comment. (n.1(A(ii))). Finally, the commentary provides that a prisoner may be eligible for a sentence reduction if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed. *Id.*, comment. (n.1(D)).

Here, the district court did not abuse its discretion because Florez-Montano did not sufficiently prove that his chronic kidney disease presented an extraordinary and compelling reason warranting relief.[1] *See Green*, 764 F.3d at 1356. The only proof Florez-Montano offered of his medical condition was the Bureau of Prisons medical document stating that he had been diagnosed with stage IV severe kidney disease in 2008. But while the document undisputedly classifies Florez-Montano's kidney disease as "severe," it does not classify it as terminal or end-stage, as he claims. And while the document lists his diagnosis as "Current," it classified it as such only as of 2008, and the document itself was generated in January 2020. Thus, the district court's finding that Florez-Montano did not prove an extraordinary and compelling reason for compassionate relief was not clearly erroneous and it was not an abuse of discretion for the district court to deny such relief. *See Harris*, 989 F.3d at 911-12.

---

[1] While the district court did not deny Florez-Montano relief for this specific reason, we may affirm the district court on any ground supported by the record. *See Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016).

Even assuming, as Florez-Montano does, that U.S.S.G. § 1B1.13 comment. (n.1) applies, he still did not adequately prove his claim. The only documented proof of Florez-Montano's condition indicates that his stage IV kidney disease is "severe," not that it is end-stage or that it entails an end-of-life trajectory. *See* U.S.S.G. § 1B1.13, comment. (n.1(A(i))). Further, Florez-Montano did not provide any proof or describe whether his ability to provide self-care in prison is substantially diminished or whether he is expected to recover because of his medical condition. *See* U.S.S.G. § 1B1.13, comment. (n.1(A(ii))). Accordingly. we affirm.

**AFFIRMED.**