[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12577

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

XZAVIOUS MONTREZ BROWN,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:95-cr-00297-TCB-WLH-1

_____

Before GRANT, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Xzavious Brown, a federal prisoner proceeding pro se, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by Section 603(b) of the First Step Act of 2018.[1] The government responds by moving for summary affirmance of the district court's order. Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2]

A district court may reduce a prisoner's term of imprisonment under the compassionate-release statute "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that" (as relevant here) "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission policy statement to which the statute

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

[2] We are bound by decisions of the former Fifth Circuit handed down before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

refers states, in turn, that the court may reduce a term of imprisonment if the defendant meets the statutory criteria and the court determines that "the defendant is not a danger to the safety of any other person or to the community."' U.S.S.G. § 1B1.13; *see United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (identifying U.S.S.G. § 1B1.13 as the applicable policy statement for § 3582(c)(1)(A)). The commentary to § 1B1.13 also lists four categories of circumstances in which "extraordinary and compelling reasons" for a sentence reduction exist: (1) qualifying medical conditions, (2) advanced age, (3) family circumstances, and (4) other circumstances determined by the Director of the Bureau of Prisons to be extraordinary and compelling. U.S.S.G. § 1B1.13 cmt. n.1.

Thus, under § 3582(c)(1)(A)(i), the district court may reduce a movant's term of imprisonment if: (1) there are "extraordinary and compelling reasons" for doing so, as defined in U.S.S.G. § 1B1.13; (2) doing so would not endanger any person or the community; and (3) the factors listed in 18 U.S.C. § 3553(a) favor doing so. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). The movant bears the burden of proving that he is entitled to a sentence reduction under § 3582. *Cf. United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014) (discussing the defendant's burden under § 3582(c)(2)).

In his motion, Brown argued that the First Step Act expanded the authority of district courts to reduce sentences under § 3582(c)(1)(A) to encompass circumstances where the sentence initially imposed was "unjust." He further argued that his sentences

were unjust or unlawful for various reasons, and that the district court should reduce or "toss out" his sentences under the compassionate release statute.

Brown's argument is foreclosed by our decision in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021). In *Bryant*, we considered whether § 1B1.13 remained an "applicable policy statement[]" under § 3582(c)(1)(A) after the First Step Act amended the statute to allow defendants to file for compassionate release, and whether the statutory amendment meant that district courts—not just the Director of the Bureau of Prisons—were authorized to determine that "extraordinary and compelling reasons" for release existed beyond those specifically described in the policy statement. *See Bryant*, 996 F.3d at 1252–64. We held that § 1B1.13 "is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Id.* at 1262. "Thus, under *Bryant*, the only circumstances that can rise to the level of extraordinary and compelling reasons for compassionate release are limited to those extraordinary and compelling reasons as described by Section 1B1.13." *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021).

In considering a motion for compassionate release in conjunction with § 1B1.13, "a court simply considers a defendant's specific circumstances, decides if he is dangerous, and determines if his circumstances meet any of the four reasons that could make him

21-12577                Opinion of the Court                5

eligible for a reduction.  If he is dangerous or if his circumstances do not match any of the four categories, then he is ineligible for a reduction." *Bryant*, 996 F.3d at 1254.

Here, even construing Brown's pro se arguments liberally, he does not contend that his circumstances match any of the four categories of "extraordinary and compelling reasons" listed in § 1B1.13.  He therefore has not met his burden of showing that he is eligible for a sentence reduction under § 3582(c)(1)(A), and the district court did not err in denying his motion for compassionate release.

We conclude that the government's position on appeal is "clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," and we therefore **GRANT** the government's motion for summary affirmance.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.  The government's motion to stay the briefing schedule is **DENIED** as moot.

**AFFIRMED.**