[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10965

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RICKEY THOMPSON,
a.k.a. Sea Dog,
a.k.a. Trick Daddy,
a.k.a. Tricks,
a.k.a. Daddy,
a.k.a. Renewal,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:07-cr-80036-WPD-1

————————————

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Rickey Samuel Thompson, a Bahamian citizen and federal prisoner proceeding pro se, appeals the denial of his post-judgment motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The government, in turn, moves for summary affirmance and to stay the briefing schedule. For the following reasons, we summarily affirm the district court and deny as moot the government's motion to stay the briefing schedule.

## I.

In 2007, a grand jury charged Thompson with thirty felony counts. Among them included conspiracy to smuggle aliens, alien smuggling placing in jeopardy the lives of aliens, alien smuggling resulting in death, second degree murder, conspiracy to import controlled substances, importing controlled substances, brandishing a firearm in a crime of violence, and illegal reentry. Two of the thirty counts charged him with violating 18 U.S.C. § 924(c).

A jury found Thompson guilty of all charges after a 14-day trial. Evidence showed that, while helping to smuggle aliens and narcotics into the United States from the Bahamas on various vessels he owned, he dropped people off in rough, deep waters off the coast of Florida, sometimes at gunpoint, and three people died from drowning as a result.

The district court sentenced Thompson to life in prison. This included two custodial terms relating to his § 924(c) convictions that were set to run consecutive to each other. On direct appeal, we affirmed his convictions and sentences. *United States v. Thompson*, 363 F. App'x 737, 737 (11th Cir. 2010).

Thompson now moves, pro se, for compassionate release. He argues that he has two extraordinary and compelling reasons warranting relief: (i) the First Step Act[1] removed the "stacked" penalties for his § 924(c) offenses; and (ii) his lung issues and tuberculosis put him at increased risk of developing severe disease if he contracted COVID-19. He also argues that the 18 U.S.C. § 3553(a) factors weigh in favor of his release and that he would not be a danger to the community.

The district court denied his motion. The court found that his "stacked" mandatory minimum sentences argument was not cognizable under an 18 U.S.C. § 3582 motion. The court also found that his medical conditions do not rise to the level of an

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018).

extraordinary and compelling reason. For the sentencing factors and danger to the public, it found that his total sentence was both fair and necessary to promote respect for the law, and his criminal conduct and history did not weigh in favor of release.

Thompson appeals, still pro se, and reiterates the arguments he made below. Rather than responding, the government moves for summary affirmance, arguing that neither of Thompson's reasons qualify as extraordinary and compelling, that the § 3553(a) factors do not weigh in favor of release, and that he still is a danger to the community.

## II.

We review a district court's denial of a prisoner's § 3582(c)(1) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings that are clearly erroneous. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011).

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

### III.

Under the compassionate-release statute and its policy statement, a district court may reduce a movant's term of imprisonment if: (1) there are "extraordinary and compelling reasons" for the defendant's early release, as defined in U.S.S.G. § 1B1.13; (2) the defendant's release would not endanger any person or the community; and (3) the factors listed in 18 U.S.C. § 3553(a) favor doing so. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). Because each condition is necessary, the failure to satisfy one condition warrants denial of a motion for a sentence reduction. *See id.* at 1237–38.

The district court did not abuse its discretion when it found that Thompson did not present extraordinary and compelling reasons for relief. Our decision in *Bryant* forecloses his argument that his "stacked" § 924(c) sentences constituted an extraordinary and compelling reason warranting relief. *Bryant* holds that relief under § 3582(c)(1)(A) is limited to the extraordinary and compelling reasons identified in the § 1B1.13 policy statement. *United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021). As Thompson's argument does not match any of the § 1B1.13 policy statement reasons, relief is unavailable. *See* U.S. Sentencing Guidelines § 1B1.13 cmt. n.1 (Nov. 2021). *Bryant* is our prior precedent, and because it has not been overruled or abrogated by the Supreme Court or us sitting en banc, we are bound to apply it. *United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (en banc).

His claimed medical condition fares no better.  Thompson bears the burden to show his medical circumstances constituted an extraordinary and compelling reason warranting relief.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021); *cf. United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014) (discussing the defendant's burden under § 3582(c)(2)).  But he did not attach medical documents showing his condition; nor did he show why he was unable to care for his conditions in a prison environment.  U.S.S.G. § 1B1.13 n.1(A).  The only evidence Thompson presented of his medical condition actually undermines his claim of "lung problems and tuberculosis" by showing that he only suffers from "shoulder, blepharitis, low vision, and low back pain."  Thompson thus does not establish an extraordinary and compelling reason warranting relief.  As this is a necessary condition, we could grant the government's motion on this ground alone.  *Tinker*, 14 F.4th at 1237.

We add that the district court did not abuse its discretion when it found that the § 3553(a) factors did not merit relief.  We have recognized that (where consideration of the factors is necessary) an "acknowledgment by the district court that it considered the § 3553(a) factors and the parties' arguments is sufficient."  *Id.* at 1241.  Once considered, the "weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court."  *Id.* (quotation omitted).  The district court stated that it considered the applicable factors, including the piano, religion, and guitar programs Thompson participated in during his

imprisonment. The court found Thompson's evidence insufficient, and concluded that the requested relief would not promote respect for the rule of law or act as a deterrent. The court also explained that, given Thompson's egregious criminal episode and prior convictions, the imposed sentence was necessary to protect the public from further criminal activity. In case there were any doubt of the soundness of the district court's decision, we noted that in his briefing to this court, Thompson denies responsibility for his murders and blames his victims for their deaths. We easily conclude that the district court acted within its discretion in finding that the § 3553(a) factors do not merit relief.

Finally, the district court did not abuse its discretion when it found that Thompson was a danger to the community. It considered the offense conduct and his past criminal history and it expressly stated that it considered the § 3142(g) factors. *See* 18 U.S.C. § 3142(g)(1), (3)(A).

Accordingly, because the government's position is clearly correct as a matter of law, we **GRANT** the government's motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1162. The government's motion to stay the briefing schedule is **DENIED** as moot.